# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF LOUISIANA
# MONROE DIVISION

| | | |
|---|---|---|
| JOY E. SHAW | * | CIVIL ACTION NO. 05-0523 |
| VERSUS | * | JUDGE JAMES |
| JO ANNE B. BARNHART, COMMISSIONER OF SOCIAL SECURITY ADMINISTRATION | * | MAGISTRATE JUDGE HAYES |

## REPORT AND RECOMMENDATION

Defendant, Commissioner of the Social Security Administration ("Commissioner"), moves to remand the plaintiff's appeal from a denial of her application for disability insurance benefits so that the Commissioner may conduct further administrative proceedings. On March 24, 2005, the plaintiff, Joy E. Shaw ("Shaw"), appealed from the Commissioner's decision denying her application for disability insurance benefits for the period between June 1, 2002, and February 21, 2003. The appeal was referred to the undersigned United States Magistrate Judge for proposed findings of fact and recommendation pursuant to 28 U.S.C. § 636(b)(1)(B) and (C). For the reasons given below, it is recommended that the Commissioner's denial of benefits be reversed, the Commissioner's Motion to Remand be **GRANTED, and this case remanded for a full consideration of the evidence and alleged errors.**

## BACKGROUND

On February 21, 2003, Shaw applied for disability benefits due to myasthenia gravis, high blood pressure, thyroid problems, and vertigo. On March 17, 2004, a hearing was held before Administrative Law Judge ("ALJ") Charles R. Lindsay, during which the ALJ reviewed the medical evidence and testimony. The ALJ issued his denial of Shaw's application for disability benefits on June 7, 2004. In his decision, the ALJ adhered to the Commissioner's five-step

sequential analysis and denied Shaw's application for the following reasons: (1) despite having a "severe" impairment, Shaw's impairments did not meet any of the impairments contained in the "Listing of Impairments" at 20 C.F.R. Part 404, Subpart P, Appendix 1; (2) notwithstanding Shaw's subjective complaints and other individuals' corroborating testimony, Shaw possessed a residual functional capacity ("RFC") for light exertional work; and (3) based on a vocational expert's testimony, Shaw was capable of performing her past relevant work, and, even if she had a RFC for only sedentary work, she could perform several occupations with significant numbers in the national economy. In his decision, the ALJ addressed Shaw's testimony, as well that of Shaw's daughter and former employer, regarding her pain and limited ability to work. Although the ALJ acknowledged that the testimony was generally credible and well-intentioned, he ultimately concluded, based on the medical reports and the vocational expert's testimony, that Shaw's impairments were not disabling and did not prevent her from performing her past job as a cashier.

Shortly after the ALJ issued his decision, Shaw filed a timely request for review with the Appeals Council. On two occasions, October 4, 2004, and November 22, 2004, Shaw sent the following additional medical records to the Appeals Council via certified mail: records relating to treatment of Shaw by Larry Parker, M.D., on December 19, 2003, and June 18, 2004; and medical reports from Cynthia Wagon, M.D., of the Delhi Rural Health Clinic, pertaining to her treatment of Shaw from January 23, 2003 to September 21, 2004. In her November mailing, Shaw also enclosed a lengthy brief in support of her request for review.

On January 28, 2005, the Appeals Council, in its denial of Shaw's request for review, noted that none of Shaw's points of contention provided a basis for reversing the ALJ's decision.

The Appeals Council's decision neither specified the particular errors Shaw asserted as a basis for review, nor addressed the new evidence Shaw had sent in October and November of 2004. Shortly thereafter, Shaw filed this appeal of the ALJ's decision.

The Commissioner, after filing an answer to Shaw's complaint, now seeks to have the appeal remanded "for the sole purpose of vacating its denial notice dated January 28, 2005, to consider the additional evidence previously submitted by Plaintiff to the Appeals Council which was not made part of the administrative record. Commissioner's Br., p.1.

## LAW AND ANALYSIS

Pursuant to 42 U.S.C. § 405(g), the section of the Social Security Act governing judicial review of the Commissioner's decisions, a district court may remand a case to the Commissioner in two situations. *See* 42 U.S.C. § 405(g); *Shalala v. Schaefer*, 509 U.S. 292, 296 (1993). Sentence 4 of § 405(g) provides that a court may remand a case for rehearing when it "enter[s] . . . a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security." In this circumstance, the district court's remand "'terminates the civil action' seeking judicial review of the Secretary's final decision," and it deprives the court of jurisdiction over the matter. *Schaefer*, 509 U.S. at 299 (quoting *Sullivan v. Finkelstein*, 496 U.S. 617, 624-25 (1990)). Conversely, a remand under sentence six of § 405(g) does not terminate the appeal; however, it may only be ordered when (1) the Commissioner requests remand prior to answering the claimant's complaint, or (2) where the claimant presents new and material evidence that was for good cause not presented before either the ALJ or Appeals Council. *See* § 405(g); *Shalala*, 509 U.S. at 297 n.2; *Melkonyan v. Sullivan*, 501 U.S. 89, 100 n.2 (1991).

As the Commissioner has already answered the Shaw's complaint and no new evidence

3

exists, the Commissioner has properly couched its request for remand under sentence 4 of § 405(g). Despite the language of sentence 4 permitting remand when it accompanies a "judgment affirming, modifying, or reversing" a decision, however, the Commissioner seeks a limited remand. Specifically, the Commissioner seeks a remand so that it may vacate the Appeals Council's denial of Shaw's request for review and consider the "additional evidence previously submitted by Plaintiff to the Appeals Council." Commissioner's Brief, p.1. The Commissioner makes no mention of whether this Court, as required in a remand under sentence 4, should reverse, affirm, or modify the ALJ and Appeals Council decision.

In opposing the Commissioner's motion, Shaw urges this Court to refrain from remanding the matter and, instead, to reverse the ALJ's decision and award her disability benefits. As support for this proposition, Shaw cites several cases that suggest remand for further proceedings is not always necessary. *See Benecke v. Barnhart*, 379 F.3d 587, 594-595 (9th Cir. 2004); *Felinsky v. Bowen*, 35 F.3d 1027, 1041 (6th Cir. 1994); *Thompson v. Sullivan*, 957 F.2d 611, 614 (8th Cir. 1992). These cases, however, also illustrate that a judicial award of disability benefits is the exception rather than the rule and that, in lieu of remand for further proceedings, such a award should be given only where the record overwhelmingly supports a disability finding and no unresolved factual issues exist. *See Benecke*, 379 F.3d at 595 ("the proper course, except in rare circumstances, is to remand to the agency for additional investigation or explanation"); *Felinsky*, 35 at 1041 ("a judicial award of benefits is proper only where the proof of disability is overwhelming"); *Thompson*, 957 F.2d at 614 ("Where the record overwhelmingly supports a disability finding and remand would merely delay the receipt of benefits to which plaintiff is entitled, reversal is appropriate."). A review of the record, which does not contain the additional

4

evidence Shaw forwarded to the Appeals Council, indicates that remand for full consideration of the evidence and alleged errors[1] is the proper course of action. Shaw alleges several errors that could be resolved based on a careful consideration of the additional evidence that, based on the Commissioner's request for remand, the Appeals Council failed to review. As this additional evidence is not part of the administrative record and therefore not before the Court, the Commissioner, in particular the Appeals Council, is in the best position to review the evidence and Shaw's alleged errors. Even without the additional evidence, the record does not overwhelmingly support a disability finding, especially since many of the errors Shaw alleges implicate the ALJ's general statements and his interpretation of Shaw's intermittent and inconsistent symptoms.

While remand is warranted in this case, it cannot be awarded under sentence 6 of § 405(g) and therefore must comply with sentence 4, which mandates that it accompany a judgment affirming, modifying, or reversing the Commissioner's decision. The Fifth Circuit, in *Istre v. Apfel*, 208 F.3d 517, 519-520 (5th Cir. 2000), confirmed that a proper remand under sentence 4 must accompany a judgment that explicitly takes some action on the Commissioner's decision; a court cannot merely remand for further consideration. Although the record itself does not warrant a reversal of the Commissioner's decision, the parties' statements suggest that they desire the same, regardless. In its Motion to Remand, the Commissioner states that remand is requested

---

[1] In her appeal brief, Shaw alleges the following errors in the ALJ and Appeals Council decisions: (1) the Appeals Council ignored the additional evidence Shaw forwarded with her request for review; (2) the ALJ either failed to consider whether Shaw's impairments equaled those in Listing 11.12 or erred in concluding that they did not; (3) the ALJ erroneously rejected the opinion of Shaw's treating neurologist, Dr. Parker; and (4) the ALJ's RFC determination is clearly erroneous and unsupported by the vocational evidence.

"for the sole purpose of vacating its denial notice dated January 28, 2005 [the Appeals Council's decision]." Similarly, Shaw, in arguing that any remand should not be limited, seeks reversal and remand for full consideration of all of the evidence and errors. To the extent that the parties seek to have the Appeals Council's decision vacated and reversed, their interests are co-aligned. Therefore, the Court will grant both parties' wishes and reverse the Appeals Council's denial of Shaw's request for review. On remand, the Appeals Council shall, pursuant to 20 C.F.R. § 404.983, "make a decision, or . . . remand the case to an administrative law judge with instructions to take action and issue a decision or return the case to the Appeals Council with a recommended decision." 20 C.F.R. § 404.983 (2005). Furthermore, since the Appeals Council's denial is vacated, it shall give full consideration to not only the additional evidence Shaw presented, but also to the ALJ's alleged errors.

**For the reasons stated above, it is recommended that the Commissioner's decision to deny benefits be AFFIRMED, and that this civil action be DISMISSED with Prejudice.**

Under the provisions of 28 U.S.C. §636(b)(1)(C) and FRCP Rule 72(b), the parties have **ten (10) business days** from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within **ten (10) business days** after being served with a copy thereof. A courtesy copy of any objection or response or request for extension of time shall be furnished to the District Judge at the time of filing. Timely objections will be considered by the District Judge before he makes a final ruling.

**A PARTY'S FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN TEN (10) BUSINESS DAYS FROM THE DATE OF ITS SERVICE**

**SHALL BAR AN AGGRIEVED PARTY, EXCEPT ON GROUNDS OF PLAIN ERROR, FROM ATTACKING ON APPEAL THE UNOBJECTED-TO PROPOSED FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT JUDGE.**

THUS DONE AND SIGNED at Monroe, Louisiana, this 10th day of November, 2005.

H:\05-0523.111005.rr.klh.frm

KAREN L. HAYES
U. S. MAGISTRATE JUDGE